IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUANE COOPER,                )
                             )
            Plaintiff,       )
                             )
vs.                          )    CIVIL NO. 09-190-GPM
                             )
JERRY DeVORE, *et al.*,      )
                             )
            Defendants.      )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, a detainee in the Marion County Law Enforcement Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. ___, 2009 WL 1361536, *13 (May 18, 2009).

**THE COMPLAINT**

Plaintiff's brief complaint alleges simply that:

> I've had money(ies) taken from my account void of my authorization or any valid law permitting this action for medical care/treatment for medicines i.e., insulin that I was initially booked with.

Based on this allegation, Plaintiff seeks $25,000 in damages for violations of his "substantive and procedural due process" rights.

**DISCUSSION**

Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915A. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). In the instant complaint, Plaintiff fails to allege how the named Defendants are directly and personally responsible for the alleged violations of his rights.

Even if Plaintiff had alleged how Defendants were personally and directly involved with deducting money from his account, the Court is not convinced that the complaint alleges a constitutional violation. It is well-settled that confined persons can be charged for their medical treatment. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3d Cir. 1997) (prisoner co-payment plan does not violate the Eighth Amendment); *Shapley v. Nevada Bd. of State Prison Commissioners*, 766

F.2d 404, 408 (9th Cir. 1985) (nothing *per se* unconstitutional about charging an inmate $3 for every medical visit; such a charge, by itself, did not constitute deliberate indifference under *Estelle*); *Hudgins v. DeBruyn*, 922 F. Supp. 144, 150-52 (S.D. Ind. 1996) (detainee co-payment plan does not violate the Eighth Amendment); *Martin v. DeBruyn*, 880 F. Supp. 610, 615 (N.D. Ind. 1995), *aff'd*, 116 F.3d 1482 (7th Cir. 1997) (Eighth Amendment guarantees only that inmates receive necessary medical care; it does not guarantee free medical care). In the "outside world," Plaintiff would be expected to pay for his medical care, and there is nothing inherently unreasonable with expecting Plaintiff to shoulder his medical costs while confined. Plaintiff apparently does not dispute that he was provided medical care (i.e., medication), so it's not entirely clear what purpose would be served by giving Plaintiff more process before the funds for his treatment are deducted from his account.[1]

### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

DATED: 06/26/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] Plaintiff's allegation that "i.e, insulin that I was initially booked with" is a bit confusing. The Court supposes it could be read to mean that Plaintiff is being charged *for* being given insulin that he brought with him into jail. But in context, such interpretation seems nonsensical.